**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Corbett HASH, Defendant–
Appellant.**

**No. 91–5340.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 1, 1991.

Decided Feb. 3, 1992.

Leonard A. Kaplan, Asst. Federal Public Defender, Charleston, W.Va., argued for defendant-appellant.

Michael Lee Keller, Asst. U.S. Atty., Charleston, W.Va., argued (Michael W. Carey, U.S. Atty. and John C. Parr, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before RUSSELL and PHILLIPS, Circuit Judges, and RESTANI, Judge, United States International Trade, sitting by designation.

## OPINION

PHILLIPS, Circuit Judge:

James Corbett Hash appeals his sentence imposed under U.S.S.G. § 2D1.1(c) n. *, which instructs that, with an exception not applicable here, when sentencing for offenses involving possession of fewer than 50 marihuana plants, sentencing judges are to treat each plant as the equivalent of 100 grams. Hash maintains that this guideline is inconsistent with 21 U.S.C. § 841(b)(1)(D), which, he argues, directs that actual weight should be the measure in sentencing offenders who possessed fewer than 50 marihuana plants. The district court upheld the guideline and its application in imposing Hash's sentence. Because we believe the guideline is inconsistent with the controlling statute, we vacate Hash's sentence and remand for resentencing in accordance with the statute.

### I

Hash pled guilty to charges that he manufactured and cultivated six marihuana plants. Pursuant to U.S.S.G. § 2D1.1(c) n. *, the sentencing judge assigned to each plant a weight of 100 grams, and on that basis found the base offense level to be 8. She then determined the total offense level to be 6 after a two-level reduction for acceptance of responsibility. Because Hash was in criminal history category IV,* the applicable guideline range was 6–12 months, and the district court imposed a sentence of 6 months. This appeal by Hash followed.

---

* At the time of his arrest and sentencing, Hash was on state parole following his conviction for

### II

The sole issue on appeal is whether the guideline treatment of one plant as 100 grams of marihuana is invalid because it contravenes Congress' intent, as expressed in § 841(b)(1)(D), to consider actual weight as the sentencing measure for offenses involving fewer than 50 marihuana plants.

Congressional guidance for sentencing drug offenders is found in 21 U.S.C. § 841. Except in certain specific circumstances, the actual weight of the illegal substance is used to assess the penalty. One exception is found in 21 U.S.C. § 841(b)(1)(D), which states:

In the case of less than 50 kilograms of marihuana, except in the case of 50 or more marihuana plants *regardless of weight* ... such person shall ... be sentenced to a term of imprisonment of not more than 5 years....

*Id.* (emphasis added). The Sentencing Commission established the following guideline for sentencing for possession of marihuana plants:

In the case of an offense involving marihuana plants, if the offense involved ... fewer than 50 marihuana plants, treat each plant as equivalent to 100 G of marihuana. *Provided,* however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana.

The critical statutory language is "regardless of weight." Though the syntax could be purer, we believe that Congress intended by its use in the quoted passage to refer only to cases involving possession of 50 or more marihuana plants. For offenders possessing fewer than 50 plants, we believe Congress intended to remain true to the general rule of § 841, which makes actual weight determinative for purposes of sentencing. Under this interpretation, U.S.S.G. § 2D1.1(c) n. * is invalid insofar as it equates one plant with 100 grams of marihuana in offenses involving fewer than 50 plants. In so holding, we join the Eighth Circuit which has adopted this view

a drug offense.

and held this portion of the guideline facially invalid. *United States v. Streeter,* 907 F.2d 781, 790 (8th Cir.1990).

The government would have us look to the legislative history of § 841 for evidence that Congress intended to increase the severity of drug sentences so as not to create a safe haven for offenders possessing fewer than 50 plants. We reject this argument. We see no reason to look to legislative history for guidance in interpreting this statutory language. There is no indication in the controlling statutory provision that Congress intended to depart from actual weight as the determinant in cases involving fewer than 50 plants. *See Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979).

### III

Because we find U.S.S.G. § 2D1.1(c) n. * invalid as it relates to offenders possessing fewer than 50 marihuana plants, we vacate Hash's sentence and remand for resentencing in accordance with the statutory requirement that actual weight, not presumed weight, be the sentencing measure for offenses involving fewer than 50 marihuana plants.

VACATED AND REMANDED.